ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHANEL, INC.,

              Plaintiff,

v.

WGACA, LLC, WHAT COMES AROUND GOES AROUND LLC d/b/a WHAT GOES AROUND COMES AROUND, MHW PROPERTIES, INC., WGACA WEB, LLC, PINES VINTAGE, INC., VINTAGE DESIGNS LTD., and WCAGA LA, LLC,

              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/7/18

Civil Action No. 18-cv-2253-LLS

JOINT REPORT OF RULE 26(f) CONFERENCE AND [PROPOSED] SCHEDULING ORDER

LLS

Pursuant to this Court's November 13, 2018 Order for Conference Pursuant to Rule 16(b) (the "Conference Order") (Dkt. No. 67) and Rule 26(f) of the Federal Rules of Civil Procedure, the parties conferred pursuant to Rule 26(f) on November 20, 2018, during which they discussed, among other topics, the topics set forth below. Theodore C. Max and Thomas M. Monahan of Sheppard Mullin Richter & Hampton LLP participated for Plaintiff Chanel, Inc. ("Chanel"), Thomas Kidde and Peter Shapiro of Lewis Brisbois Bisgaard & Smith LLP participated for WGACA, LLC, What Comes Around Goes Around LLC, MHW Properties, Inc., WGACA WEB, LLC, Pines Vintage, Inc., Vintage Designs Ltd., and WCAGA LA, LLC, one or more doing business as What Goes Around Comes Around (collectively, "WGACA").

**Topics from the Conference Order:**

**(1) the date of the conference and the appearances for the parties;**

Chanel and WGACA shall appear at the Conference pursuant to Rule 16(b) on Friday, December 7, 2018 at 12:00 noon in Courtroom 21C at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007. Theodore C. Max and

Thomas M. Monahan of Sheppard Mullin Richter & Hampton shall appear for Chanel, and Peter Shapiro of Lewis Brisbois Bisgaard & Smith LLP shall appear for the WGACA Defendants.

**(2) a concise statement of the issues as they then appear;**

*Chanel's Statement:* As set forth in Chanel's October 29, 2018, Second Amended Complaint (Dkt. No. 64), this action arises out of Defendants' improper business practices to falsely advertise and misrepresent CHANEL-branded products and falsely associate and imply an endorsement between themselves and Chanel. In the name of purported competition, Defendants seek to free ride off of the goodwill and brand value Chanel has developed over nearly a century in the luxury consumer products market. Notwithstanding the implications flowing from Defendants' advertisements and marketing, Defendants are not at all associated with Chanel, nor has Chanel approved of Defendants' advertisement and sale of purportedly used Chanel goods. Based upon this conduct, Chanel has brought claims for trademark infringement, false advertising, unfair competition and deceptive trade practice.

*WGACA's Statement:* Defendant WGACA, LLC is in the business of selling pre-owned luxury goods on its website and in its retail stores including such brands as Chanel®, Christian Dior®, Fendi®, Gucci®, Hermes®, Louis Vuitton® and Prada®. This action is Plaintiff's attempt to prevent competition from a company that sells used products of Plaintiff. Plaintiff's complaint is premised on the theory that no one but Plaintiff (or its authorized retailers) can sell any Chanel® products and that no one but Plaintiff can "authenticate" products which were previously sold and have now entered the resale market. Plaintiff seeks to bar the re-sale of its products thereby insuring that only new products from Plaintiff will be available to consumers by way of larger retail outlets or on the Internet. In essence, as every "non-authorized" re-seller of Chanel products is not Plaintiff, that re-seller's representation that the Chanel product being sold

is genuine constitutes false advertising and/or trademark infringement. Contrary to the assertions in the complaint, Plaintiff's marks are used by Defendant only to identify the goods being sold, which is permitted under the first sale doctrine. Plaintiff's strained conclusion that consumers "may" be misled into believing that Plaintiff has some involvement in the authentication process is without any basis in fact and is predicated on an erroneous supposition that consumers would believe Plaintiff is involved in the authentication process of Defendant simply because Plaintiff's used goods are being resold and its marks are used identifying such products.

**(3) a schedule including the information outlined in the Conference Order;**

| Date | Activity |
|---|---|
| December 4, 2018 | The parties exchanged disclosures required by FED. R. CIV. P. 26. |
| December 14, 2018 | Initial requests for production of documents shall be served. |
| March 29, 2019 | Production of documents by the parties shall be substantially completed. |
| April 1, 2019 | Commencement of party depositions. The names of persons to be deposed are included in the disclosures required by FED. R. CIV. P. 26 that have been exchanged. These persons include: Seth Weisser, Gerard Maione, Frank Bober, Paige Rubin, Vlada Drukh, Adrienne Hahn, Nidhi Kohli and Joyce Green. The parties each intend to issue deposition notices pursuant to FED. R. CIV. P. 30(b)(6), and reserve the right to identify additional deponents as discovery progresses. |
| June 28, 2019 | Completion of fact discovery. |
| August 2, 2019 | Opening expert reports shall be served. |
| September 6, 2019 | Rebuttal expert reports shall be served. |
| October 4, 2019 | Completion of discovery. |
| ~~November 4, 2019~~ | ~~Deadline for the parties to file a motion for summary judgment.~~ |
| 60 days after the Court's ruling on motions for | The date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury |

[Handwritten annotations: "LLS" next to struck-out row; "LLS - re when to file Jt Pretrial Order, Status Conference on Friday Oct. 11, 2019 at 12 noon"]

-3-

| Date | Activity |
|------|----------|
| ~~Summary Judgment~~ | ~~trial, or (2) proposed voir dire questions and proposed jury instructions~~ for a jury trial. |
| | ~~Final pre-trial conference pursuant to FED. R. CIV. P. 16(e).~~ |

**(4) a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;**

The parties plan to enter into separate stipulations concerning confidentiality and the claw-back of privileged communications which they shall attempt to negotiate and submit to the Court for its approval. The parties do not anticipate any other limitations on discovery apart from those included in the Federal Rules of Civil Procedure and the Local Rules.

**(5) a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;**

At this early stage of the case, the parties do not have any disputes regarding discovery issues.

**(6) anticipated fields of expert testimony, if any;**

At this time, the parties anticipate that expert testimony may be necessary with respect to: the likelihood of confusion caused by Defendants actions; issues regarding the nature of CHANEL-branded products sold by WGACA and WGACA's authentication of Chanel products; marketing and sales of CHANEL-branded products by Defendants; market and consumer surveys, industry practices, and damages. The parties reserve the right to pursue additional fields of expert testimony as discovery progresses.

**(7) anticipated length of trial and whether to court or jury;**

At this time, the parties anticipate a two week trial. Chanel has demanded a trial by jury of all issues so triable.

-4-

**Rule 26(f)(3) Topics:**

 A. The timing of discovery: The Parties have conferred and propose the discovery schedule set forth above.

 B. The topics of discovery: The parties have conferred and expect the topics of discovery to include those described in their respective statements of the issues set forth above as well as those detailed in the disclosures required by FED. R. CIV. P. 26 that have been exchanged.

 C. The parties discussed disclosure and/or discovery of electronically stored information. The parties agree that a protocol regarding the disclosure and discovery of electronically stored information should be implemented in this case and will continue to meet and confer regarding such a protocol, which will include the form in which electronically stored information should be produced.

 D. The parties do not anticipate any disputes about claims of privilege or protection at this time. As set forth above, the parties plan to enter into separate stipulations concerning confidentiality and the claw-back of privileged communications which they shall attempt to negotiate and submit to the Court for its approval.

 E. Other than the modifications addressed herein, the Parties do not anticipate any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure.

 F. A this time, there are no other orders that the Court should issue under Rule 26(c) or Rule 16(b) and (c).

 G. The Parties agree that service of documents by email is effective service and is complete upon emailing.

This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

Dated: New York, New York
December 6, 2018

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/ Theodore C. Max
Theodore C. Max
Thomas M. Monahan
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700

*Attorneys for Plaintiff*

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Peter Shapiro
Peter Shapiro
77 Water Street
New York, New York 10005
Telephone: (212) 232-1322

Thomas S. Kidde
Daniel C. DeCarlo
633 W. 5th Street
Suite 4000
Los Angeles, California 90071
Telephone: (213) 250-1800

*Attorneys for Defendants*

IT IS SO ORDERED this 7th day of December, 2018

Louis L. Stanton
The Honorable Louis L. Stanton
U.S. District Court Judge