ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/21/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHANEL INC.,

                Plaintiff,

    - against -

WGACA, LLC, WHAT COMES AROUND GOES
AROUND LLC d/b/a WHAT GOES AROUND COMES
AROUND, MHW PROPERTIES, INC., WGACA WEB,
LLC, PINES VINTAGE, INC., VINTAGE
DESIGNS LTD., and WCAGA LA, LLC,

                Defendants.

18 Civ. 2253 (LLS)

ORDER

The issues raised by WGACA's (July 31, August 11 and August 20) and Chanel's (August 7 and 19) counsels' letters are resolved as follows:

1. El Greco Leather Products Co., Inc. v. Shoe World, 806 F.2d 392 (2d Cir. 1986) held that a trademark holder such as Chanel is entitled to require "that no merchandise be distributed without its first being inspected by the holder or its agent to insure quality." Id. at 395. Gray market shoes which had been produced in its factory and sold without quality-control inspection were not "genuine" for Lanham Act purposes, which their sales infringed. Id. at 396.

Chanel, likewise, is encountering in the market goods which it had no chance to inspect, and which are therefore not "genuine." But El Greco never said it was counterfeit. The definition of counterfeit is a copy, not an original. The rest

of the definition is that the copy is hard to tell from the original, which would be unnecessary if it were itself original. El Greco said it was infringing. Chanel must be taught, when it speaks in court, to do the same.

By the same token, WGACA must treat such items, under paragraph 1 of the protocol in the May 5 order, as infringements.

2. With respect to each item Chanel claims is counterfeit, Chanel shall certify, by an officer with knowledge, that it has admissible evidence that the item was not made in a factory which made genuine Chanel products, but it is so close a copy that it is substantially indistinguishable from the genuine article.

3. Upon request, Chanel shall within two weeks thereafter produce the evidence for WGACA's inspection.

4. Regardless of WGACA's views about the quality, admissibility or effect of that evidence, WGACA shall then comply with paragraph 2 of the protocol with respect to that item.

So ordered.

Dated: New York, New York
August 21, 2020

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.