ORIGINAL

MEMO ENDORSED

**LEWIS BRISBOIS**
LEWIS BRISBOIS BISGAARD & SMITH LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/28/20

Daniel C. DeCarlo
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Dan.DeCarlo@lewisbrisbois.com
Direct: 213.680.5066

August 27, 2020

File No. 34181.63

**VIA ECF** ✓
Honorable Louis L. Stanton
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Denied.
Louis L. Stanton
8/28/20

Re:   *Chanel v. WGACA, LLC, et al.*
      Case No. 18-cv-2253(LLS)

### REQUEST FOR THE COURT TO COMPEL PLAINTIFF TO RESPOND TO DEFENDANTS' INTERROGATORY #19- THE SIXTH SET OF INTERROGATORIES TO IDENTIFY A WITNESS RE FARFETCH

Dear Judge Stanton:

As the Court is aware, Lewis Brisbois Bisgaard & Smith LLP represents the Defendants (collectively referred to as "WGACA") in the above-referenced matter. This letter is respectfully submitted pursuant to this Court's Individual Rule 2.A and Local Civil Rule 37.2. At issue here is a single interrogatory (#19) which is our Sixth Set of Interrogatories which asks simply:

"With response to the press release which can be found at [web address]…identify the Person or Persons from Chanel with the most knowledge regarding the Farfetch partnership with Chanel referenced in the press release."

We have attached our interrogatory here as Exhibit A and it includes the referenced press release. Chanel responded with its standard boilerplate objections but then added a reference to this Court's recent order on August 17, 2020, (Endorsement to DKT # 141) wherein Your Honor wrote:

"WGACA's application for further discovery of Chanel's relationship with Farfetch is denied, without prejudice to its renewal after consideration of the materials Chanel has agreed to produce. So Ordered."

Chanel then refused to identify a witness who could testify about its partnership relationship with Farfetch ostensibly relying upon Your Honor's August 17, 2020 Order as an indication that it

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA • MARYLAND • MASSACHUSETTS • MINNESOTA • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

4830-5545-6713.1

Honorable Louis L. Stanton
August 27, 2020
Page 2

need not tell us who an appropriate witness is. We have attached as Exhibit B hereto a copy of Chanel's Interrogatory Response. We received this response on August 21, 2020 and on that same day we wrote to Chanel outlining our view of the improper nature of Chanel's objection and asking them to reconsider and provide us with a supplemental response. As set forth in Chanel's written response of August 26, it has refused to reconsider its position. We have attached as Exhibit C to this letter a copy of the August 21 and August 26 email meet and confer chain.[1]

## CHANEL'S POSITION IS SUBSTANTIALLY COMPROMISING OUR ABILITY TO TAKE EFFICIENT DEPOSITIONS.

As a preliminary matter, we have been frustrated with Chanel's obstruction of the deposition process in general. After this Court set a schedule (based upon the Parties' stipulation - DKT# 118) which included that depositions were to begin on August 3, 2020 and discovery would conclude on October 15, 2020, Chanel advised us they would make none of their witnesses available for deposition in August because apparently, Chanel shuts down in August. We reminded Chanel that discovery would cut off in October leaving us precious little time to conduct depositions if they maintained their August moratorium. We also reminded Chanel that it was their lawsuit and that they never indicated that August would be off limits for depositions when they stipulated to the latest schedule. Chanel ignored our pleas and instead did not agree to make even a single Chanel witness available until September 16, less than a month before the cut off date. Now, Chanel is refusing to even tell us who a key deponent would be, namely, a Farfetch witness.

Critical to WGACA's defense, and indeed we believe dispositive of likely most if not all of Chanel's claims, is Chanel's relationship with Farfetch. We will not reiterate our position as to why that relationship is so important (the letter requesting the Farfetch documents outlining the relevance is DKT#120) except to highlight what we wrote in our Reply of August 14, 2020 (DKT #137). In short, we know that Chanel announced its partnership with Farfetch in February of 2018 and then one month later sued WGACA and then later The Real Real for activity that Farfetch was also engaged in at the same time that Chanel consummated its partnership with Farfetch. How

---

[1] To be clear, this letter is **not** a renewal of our original Farfetch request (DKT #120). We understood the Court's ruling that we should wait to renew our request until after we see the universe of documents that Chanel will produce on Farfetch. While we are still waiting for whatever production Chanel will make, Chanel has now told us in no uncertain terms that it has no intention of providing any documents whatsoever regarding Chanel's relationship with Farfetch. As stated in Chanel's response to our meet and confer email on the subject matter of this letter, "[Chanel] is not willing to substantively respond to discovery related to Chanel and Farfetch's relationship as it relates to the highly confidential and proprietary "store of the future" project unless ordered to do so by the Court. As Chanel has repeatedly stated, that subject of inquiry is not relevant to the issues in this case…" See Exhibit C- first paragraph.

LEWIS BRISBOIS BISGAARD & SMITH LLP
www.lewisbrisbois.com

4830-5545-6713.1

Case 1:18-cv-02253-LLS   Document 147   Filed 08/27/20   Page 3 of 3
Case 1:18-cv-02253-LLS   Document 148   Filed 08/28/20   Page 3 of 3

Honorable Louis L. Stanton
August 27, 2020
Page 3

could Chanel enter into a partnership with an entity that was engaged in the same alleged tortious conduct as an entity it sued one month later? The only way to ascertain what conceivably could have been Chanel's thought process would be to depose the person or persons who would know. That is the point of our interrogatory, namely, to identify a deponent on that subject matter.

Questions for the witness would include, "Why did Chanel enter into a partnership with Farfetch who was then purporting to authenticate Chanel items as 100% authentic, when one month later Chanel sued WGACA and claimed that such conduct by WGACA was wrongful? How can Chanel reconcile that? Why did Chanel claim in March of 2018 in its original complaint against WGACA that WGACA's sale of "vintage" Chanel items was wrongful, when at the same time, Chanel's business partner Farfetch was doing the same thing? What was the thought process when Chanel was negotiating with Farfetch in February of 2018, one month before Chanel sued WGACA?

**CHANEL'S RESISTANCE TO PROVIDING A WITNESS IS WHOLLY UNJUSTIFIED AND ITS RELIANCE ON THIS COURT'S PRIOR ORDER IS IMPROPER**

Chanel has chosen to rely upon Your Honor's order of August 17, 2020 (DKT #141) as the Court's indication that Farfetch's relationship with Chanel is not discoverable. We would note that the Court never said as much and Chanel's reliance on the order is thus improper. The fact remains that the Farfetch/Chanel relationship is not only relevant, but in our view likely dispositive for all the reasons we have previously set forth in our prior letters to the Court. With barely six weeks left until discovery cut offs coupled with the need to schedule depositions amidst a global pandemic, we do not have the luxury of waiting while Chanel continues its obfuscation. We would thus request that the Court order Chanel to immediately provide a supplemental response to interrogatory 19 (Defendants' Sixth Set of Interrogatories) and identify the appropriate Chanel representatives and then that Chanel be ordered to promptly make them available for deposition.

We thank Your Honor for Your Honor's attention to this matter.

Respectfully,

Daniel C. DeCarlo of
LEWIS BRISBOIS BISGAARD & SMITH LLP

Enclosures

cc:   Counsel for Plaintiff (via ECF)