**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  900067
(310) 228-3700 main
(310) 228-3701 fax
www.sheppardmullin.com

(310) 228-3723 direct
jpietrini@sheppardmullin.com

December 3, 2020

**By ECF**
The Honorable Louis L. Stanton
United States District Judge
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  **Chanel, Inc. v. WGACA, LLC, et al., 18-cv-02253 (LLS)**

Dear Judge Stanton:

     We write on behalf of plaintiff Chanel, Inc. ("Chanel"), pursuant to this Court's Individual Rule 2.A and Local Civil Rule 37.2, to request that the Court issue a protective order pursuant to FRCP 26(c), amending Defendants' Notice of Deposition of Robin Gruber, to set her deposition for the morning of December 14, 2020.  Ms. Gruber is not available on the date requested by Defendants (December 4, 2020).  Defendants insist on proceeding on December 4, and *then again* on December 14, 2020 for the 30(b)(6) categories on which Ms. Gruber will testify – which are **directly related**[1] to Ms. Gruber's November Certification and expressly

---

[1] Ms. Gruber will be designated, in part, for the following 30(b)(6) categories (emphasis added).   Given the breadth of the categories, there will be additional witnesses designated as well.

     Category No. 4:  The witness should be prepared to testify with regard specifically to the claim of counterfeiting, the specific information and evidence that Chanel intends to rely upon to prove its counterfeiting case.  This includes, the evidence and information that allegedly supports the Certification issued by **Robin Gruber** on November 4, 2020, including but not limited to: how Chanel is able to prove that the authentication cards and stickers that Chanel claims were stolen ("ACCUSED STICKERS") and which ended up on alleged counterfeit merchandise that WGACA allegedly sold, was in fact stolen.  Chanel should be prepared to discuss the evidence and information it intends to rely upon as proof that the alleged counterfeits sold by WGACA were in fact not made in a Chanel authorized factory at the time the item was manufactured.  Chanel should be prepared to testify about what evidence it intends to rely upon to authenticate the police report which allegedly discusses the theft of the ACCUSED STICKERS.

     Category 19:  The witness should be prepared to testify about the Documents that Chanel and **Robin Gruber** relied on to support her certification that she issued pursuant to the Court's August 21 order.

**SheppardMullin**

The Honorable Louis L. Stanton
December 3, 2020
Page 2

identify Ms. Gruber. The end result will be 3 days of deposition of Ms. Gruber, with the second 2 days being largely duplicative of one another.

On November 9, 2020, Chanel and Defendants met and conferred regarding a schedule for the remaining depositions in this case. During that conference, the parties agreed that Chanel's 30(b)(6) deposition would take place (at least in part) on December 14, 2020. Chanel agreed to that date because it had already confirmed that Ms. Gruber, whom it expected to designate for certain categories, was available. On November 18, 2020, the Court issued an order permitting Defendants to reopen the 30(b)(1) deposition of Ms. Gruber for the limited purpose of deposing her regarding her November Certification. [Dkt. No. 160 at ¶ 4.] On November 19, 2020, Defendants proposed that they continue Ms. Gruber's deposition to December 4, 2020. On November 20, 2020, Chanel informed Defendants that Ms. Gruber was *not available* on December 4, 2020, but that Chanel expected that she would be designated as one of Chanel's 30(b)(6) witnesses (Defendants had yet to serve their 30(b)(6) notice) and thus she would be available to sit for her 30(b)(1) deposition regarding the Certification on the same day that was *already scheduled* for her 30(b)(6) deposition. Defendants refused. The parties met and conferred via email several more times over the next two weeks. Defendants continue to insist that Ms. Gruber be deposed on 2 additional, separate days on duplicative subject matter, and appear on a date that she is not available.

Pursuant to FRCP 1, the FRCP "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Pursuant to FRCP 26, a district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding or limiting the scope of disclosures or discovery. Under FRCP 26(c), the Court also has the broad discretion to protect "against abuses in discovery." *Id.; Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). The appropriateness of a protective order involves balancing the litigation needs of the requesting party and the protectable interests of the party seeking discovery. *Mitchell v. Fishbein*, 227 F.R.D. 239, 245 (S.D.N.Y. 2005). In the Second Circuit, courts have held that discovery becomes unreasonably burdensome where "it is cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive" or where "the burden or expense of the discovery outweighs its likely benefit." *Pullano v. UBS/Paine Webber, Inc.*, 2006 WL 9779148, at *4 (W.D.N.Y. Mar. 21, 2007).

---

Category 20: The witness should be prepared to testify about the Documents that support **Robin Gruber's** statement that twelve WGACA Chanel-branded items listed in her certification are counterfeits.

**SheppardMullin**

The Honorable Louis L. Stanton
December 3, 2020
Page 3

Here, Chanel's requested protective order is exceedingly limited in nature. Ms. Gruber is ***already scheduled*** to appear for deposition on December 14, 2020 to provide testimony as a 30(b)(6) witness on at least three categories that are **directly related** to the November Certification and expressly identify Ms. Gruber. However, Defendants insist that they take her 30(b)(1) deposition on a different day – so that they will have a total of 3 days of deposition of Ms. Gruber. There is no non-abusive reason that Ms. Gruber cannot sit for her renewed 30(b)(1) deposition on the same day as her 30(b)(6) deposition. Even though Ms. Gruber's limited 30(b)(1) reopened deposition will be duplicative of at least three 30(b)(6) categories on which Ms. Gruber is designated to testify, Chanel has offered to have the 30(b)(1) deposition proceed in the morning and the 30(b)(6) deposition proceed in the afternoon. Chanel's proposal not only would be less burdensome on Ms. Gruber, but would also save ***both*** parties time and money in compliance with FRCP 1 and 26(c). In the normal course, parties frequently combine 30(b)(1) and 30(b)(6) depositions to reduce the burden on witnesses and save the parties time and money. Defendants' insistence that Ms. Gruber be deposed on a separate day, on the same subject matter, is harassing and oppressive to Ms. Gruber (who has already been deposed for a full day on October 1st), and will waste time and cause unnecessary expense to Chanel. The Court should not condone such harassment, and should instead issue a protective order directing that Ms. Gruber's deposition go forward on a 30(b)(1) and 30(b)(6) basis on December 14, 2020.

Defendants have not proffered a reasonable explanation for why Ms. Gruber cannot be deposed in her 30(b)(1) and 30(b)(6) capacity on the same day. Defendants initially contended that they were unwilling to combine the 30(b)(1) and 30(b)(6) depositions in a single session on the grounds that they were entitled to focus on her as an individual. In response, Chanel agreed that Ms. Gruber would separately appear in her 30(b)(1) capacity (as the deposition is limited to a single issue – the November Certification) in the morning, and then appear in her 30(b)(6) capacity immediately thereafter. Changing course, Defendants then argued that they were unwilling to have Ms. Gruber's 30(b)(1) and 30(b)(6) depositions on the same day because there was a lot to cover in the 30(b)(6) deposition – Defendants included **60** separate topics in their 30(b)(6) Amended Deposition Notice – and it would overly complicate matters to have Ms. Gruber's 30(b)(1) deposition on the same day.

Defendants later admitted that, based on the scope of the parties' 30(b)(6) deposition notices, both parties would likely have multiple 30(b)(6) witnesses, and the schedule would have to be modified to accommodate multiple days of 30(b)(6) depositions. Chanel responded that, because the 30(b)(6) depositions would be split up amongst multiple days and multiple deponents, Defendants' insistence that the taking of Ms. Gruber's 30(b)(1) and 30(b)(6) depositions on December 14, 2020 would complicate things, was no longer valid. Forced to again change course, Defendants insisted that Ms. Gruber's 30(b)(1) deposition needed to precede her 30(b)(6) deposition by some number of days so that they would have the benefit of reviewing Ms. Gruber's transcript to use in the examination of Chanel's other 30(b)(6) witnesses. This, likewise, is not a valid basis for 2 more separate days of deposition of Ms.

**SheppardMullin**

The Honorable Louis L. Stanton
December 3, 2020
Page 4

Gruber, on the same subject matter, because Defendants could (as they have done with other depositions) get a rough transcript of Ms. Gruber's second day of deposition before deposing Chanel's remaining 30(b)(6) witnesses. Defendants refused Chanel's proposal and insisted upon a total of 3 days of deposition of Ms. Gruber. Defendants have gone so far as to threaten sanctions against Chanel for Ms. Gruber not appearing for 2 more days of deposition and on a day that Defendants were told she was unavailable. Defendants' stated reasons why Ms. Gruber's deposition in both capacities cannot go forward on December 14, 2020 are baseless, and do not outweigh the burden and expense of forcing Ms. Gruber to appear for a third day of deposition.

In sum, Chanel's requested relief is very limited. Ms. Gruber is already scheduled to appear on December 14, 2020 in her 30(b)(6) capacity on categories directed related to the November Certification and which specifically identify her. Chanel requests that the Court issue a protective order setting her 30(b)(1) deposition for December 14, 2020, so as to limit the burden on Ms. Gruber and to not waste the time and expense of a ***third***, and ***duplicative***, day of deposition.

Respectfully submitted,

*/s/ Jill M. Pietrini*

Jill M. Pietrini

cc:     All Counsel of Record
SMRH:4818-6430-7923.1