

Daniel C. DeCarlo
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Dan.DeCarlo@lewisbrisbois.com
Direct: 213.680.5066

December 4, 2020                                                                             File No. 34181.63

**VIA ECF**
Honorable Louis L. Stanton
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    Chanel, Inc. v. WGACA, LLC, et al.
             S.D.N.Y. Case No. 18-cv-02253 (LLS)

Dear Judge Stanton:

      We write on behalf of all defendants ("WGACA") to respond to Plaintiff Chanel Inc.'s ("Chanel") letter of December 3, 2020 (Dkt 173). Chanel's presentation is both inaccurate and incomplete and we oppose the requested protective order. We would request that the Court order Chanel to produce Ms. Gruber for deposition prior to the FRCP 30(b)(6) deposition and that WGACA be afforded additional time to complete its discovery until January 31, 2021 for the reasons set forth below.

      Our request regarding Ms. Gruber's deposition was simple: because of the complexity, tortured history of Chanel's bad faith counterfeiting claims[1] and Chanel's ever moving target with regard to its court ordered certification, we needed to take Ms. Gruber's deposition on a day **prior to separate from** the FRCP 30(b)(6) deposition. Clearly aware of the jeopardy that it faces in trying to reconcile its previous inconsistent statements regarding counterfeiting, Chanel is seeking to thwart our strategy by insisting that we combine Ms. Gruber's individual deposition with the 30(b)(6).

      First, Chanel inaccurately advises this Court that we insisted on ONLY taking Ms. Gruber's deposition on December 4, "Defendants insist on proceeding on December 4, and then again on December 14…". (Dkt 173, p. 1, ¶1). Chanel knows that to be inaccurate as the written

---

[1] In paragraph 2 of Dkt 166, we described in detail Chanel's pattern of bad faith vis-à-vis its counterfeiting claims including Chanel's admission in open court that it held no evidence of counterfeiting when it alleged such in three complaints.

Honorable Louis L. Stanton
December 4, 2020
Page 2

communications between the parties reflect.  The relevant portion of our meet and confer communications is attached as Exhibit A with the applicable sections highlighted for the Court's convenience.  The relevant exchanges were as follows:

- November 19: We wrote, "ROBIN GRUBER… we need to schedule another session [of her deposition]…"

- November 20: Chanel wrote, "[Gruber]…will be available…December 14 [which is the same day as we had scheduled Chanel's FRCP 30(b)(6)]"

- November 20:  We responded promptly, "We are not willing to combine her individual deposition with a 30b6…As such, we will be serving [a notice] for December 4.  That said, if we can coordinate an available date before the cut off that does not conflict with other depositions, we are willing to consider alternate dates.

- November 25: Chanel responded that "Neither Ms. Gruber nor Ms. Pietrini are available for Ms. Gruber's reopened deposition on December 4…"[2]  Chanel then continued to insist that Ms. Gruber would only be made available in conjunction with the FRCP 30(b)(6) on December 14.

- November 25: We responded promptly again advising that we would work with Chanel for any available date that did not conflict with other dates but that we could not be expected to take it on the same day as the 30(b)(6).  Chanel refused to discuss any other dates and refused to produce Ms. Gruber for deposition on any day other than December 14, which was the previously agreed upon date for Chanel's 30(b)(6).

     In other words, beginning on November 19, we sought to work with Chanel to schedule Ms. Gruber's deposition and Chanel steadfastly insisted that Ms. Gruber was ONLY available on the same day as the FRCP 30(b)(6) deposition of December 14.  Chanel is therefore well aware that we did not insist that her deposition could ONLY be taken on December 4. We would suggest further that Chanel's position that Ms. Gruber is ONLY available on December 14 is not credible.  Ms. Gruber is an in-house lawyer for Chanel and suggesting that as a key witness in this case, she could not make herself available for a deposition on any other day smacks of gamesmanship and an obvious effort to thwart our strategy to focus on her and Chanel's already highly suspect position on the counterfeiting claims.  Chanel's complaint about the number of times she will be deposed is truly ironic in light of the fact that such is a direct result of Chanel's failure to present her certification before she was deposed the first time, in violation of this Court's order.

---

[2] Interestingly, while Chanel told us in the meet and confer that both Ms. Gruber and her lawyer Ms. Pietrini that were unavailable for the deposition on December 4 (though they have never offered any reason why Ms. Gruber had more pressing matters than being deposed during the final two weeks of the discovery cut off period of a case Chanel instigated), Chanel's letter is silent on Ms. Pietrini's availability on December 4.

Honorable Louis L. Stanton
December 4, 2020
Page 3

### THE RECENTLY SERVED AMENDED CERTIFICATION BY MS. GRUBER MAKES HER INDIVIDUAL DEPOSITION EVEN MORE CRITICAL

Making matters even more difficult for us in terms of proper preparation is that we just received last night Chanel's "Amended Certification" from Ms. Gruber. We have attached it as Exhibit B. This certification cites to a number of exhibits which Chanel apparently believes serves as admissible evidence of counterfeiting. The original certification referenced no evidence at all. While we have not had time to study the entirety of Chanel's evidentiary presentation, Chanel cites to a number of exhibits that, to our current knowledge, do not actually serve as admissible evidence supporting counterfeiting. But regardless of our current views of this evidence, there is no doubt that Chanel has now introduced another layer of complexity that we were not previously aware of regarding these claims and which will require extensive preparation and a likely extensive further deposition of Ms. Gruber. Why Chanel never before identified this evidence as supposed support for its counterfeiting case and why Ms. Gruber in her first deposition session knew nothing about the counterfeiting allegations needs to be explored without the distraction of deposing Ms. Gruber in conjunction with the various 30(b)(6) topics which we have been forced to make broad because of the unwieldly nature of Chanel's allegations. Preparing for the various 30(b)(6) topics will be extensive and we should not be forced at Chanel's whim to combine our preparation on a critical issue designed for Ms. Gruber as an individual with other topics that span the entire scope of the case.

We will be significantly prejudiced if Chanel is successful in its latest manipulation of forcing us to take Ms. Gruber's deposition in conjunction with the FRCP 30(b)(6). We would therefore respectfully submit that the Court deny Chanel's request for a protective order.[3]

### REQUEST TO EXTEND THE DISCOVERY CUT OFF SO THAT WGACA CAN COMPLETE ITS SCHEDULED DEPOSITIONS

The current discovery cut off is December 14 and Chanel's refusal to schedule two key depositions has compromised our ability to complete our depositions prior to the discovery cut off. We would therefore request that the Court order that WGACA be permitted up to January 31, 2021 to complete its discovery. The stalling of Robin Gruber's deposition as noted above is one reason, but another reason is the deposition of Jennifer Bleys.

Jennifer Bleys is an employee of Chanel and a key witness who was supposed to be deposed in September. As the Court may recall, Chanel rebuffed all of our efforts to schedule any depositions in August because of Chanel's apparent company-wide August vacation policy. Chanel then scheduled Ms. Bleys' deposition for mid-September. That deposition was cancelled as Ms. Bleys underwent an emergency c-section. Since that time, Chanel repeatedly advised us that

---

[3] We have never provided inconsistent positions for why we want to take Ms. Gruber's deposition separate from the FRCP 30(b)(6). Indeed, we also introduced this topic in our last filing with the Court (See Dkt 166 at FN 2). Our explanation there is consistent with our explanation here as well as our explanation to Chanel.

Honorable Louis L. Stanton
December 4, 2020
Page 4

they would make Ms. Bleys available for deposition prior to the discovery cut off, but then recently changed its position and said that Ms. Bleys would not be able because of family leave laws and health reasons to be deposed prior to the cut off. While Chanel has told us they would stipulate to extending the time to depose her, after repeatedly asking Chanel to follow through, as of this writing, Chanel has still not presented us with an appropriate stipulation to submit to the Court. As we noted to Chanel, we are not in a position to make any representation as to why the cut off should be extended to accommodate Chanel and Ms. Bleys and as such we are powerless to draft that stipulation. To be clear, we have never insisted that Ms. Bleys provide a deposition when she is not physically capable of doing so, nor have we suggested that applicable family leave laws be violated. However, as we have noted, this is a situation of Chanel's own making as it refused to schedule Ms. Bleys deposition in August when it could have avoided the conflict with the birth of her child and now for reasons that are entirely unclear is slow walking its previous promise to stipulate to such relief. In light of Chanel's history in this case, we are concerned that somehow Chanel intends to renege on its promise which would deprive us of the critical deposition of Ms. Bleys.

In sum, we would request that:

1. The Court deny Chanel's request for a protective order and further order Chanel to produce Ms. Gruber for deposition on a date separate and apart and before the FRCP 30(b)(6) deposition and;

2. That WGACA be given until January 31, 2021 to complete its discovery.

We thank Your Honor for Your Honor's attention to this matter.

                              Respectfully,

                              /s/Daniel C. DeCarlo

                              Daniel C. DeCarlo of
                              LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:    Counsel for Plaintiff (via ECF)