ORIGINAL

```
UNITED STATES DISTRICT COURT    1:17-cr-611
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
    CHANEL, INC.,

                    Plaintiff,         18 Civ. 2253 (LLS)

         - against -                      MEMORANDUM
                                           & ORDER
    WGACA, LLC, et al.,

                    Defendants.
- - - - - - - - - - - - - - - - - -X
```

The parties seek leave to file under seal documents submitted in support of their motions for summary judgment. Two statements from the Second Circuit's opinion in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006) guide this Court's resolution of those requests:

> Our precedents indicate that documents submitted to a court for its consideration in a summary judgment motion are — as a matter of law — judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment.

Lugosch, 435 F.3d at 121.

> Because the First Amendment presumption gives rise to a higher burden on the party seeking to prevent disclosure than does the common law presumption, the presumption of access here can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing.

Id. at 126.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/11/21

## Chanel's Filings

Chanel first seeks leave to file under seal "limited internal records"[1] including redacted invoices and screenshots of Chanel's serial number and authenticity card database ("ORLI") and website. Chanel argues that competitors and counterfeiters could use these records to target their efforts or generate false records.

Exhibits 51a and b contain one redacted Chanel sales invoice and many screenshots of Chanel's serial number and authenticity card database. Exhibit 92 is a picture of a Chanel handbag and screenshots of one ORLI entry and one product page from Chanel's website. Exhibit 123(a) includes redacted invoices written in Japanese, while Exhibit 123 is presumably a translation thereof. Exhibit 135 is a redacted Chanel packing list.

Details about Chanel's system for assigning and tracking its products' serial numbers are material to the resolution of many of Chanel's infringement claims in this case, and Chanel's asserted interest in keeping that system private is overcome by the public's right of access to documents submitted to affect the judicial determination of this case's merits.

---

[1] In the Moffat Declaration in Support of Motion for Leave to File Under Seal ("Moffat Sealing Decl.", ECF 233), Chanel refers to these as Exhibits 51, 91, 92, 123, 123(a) and 135 to the Russell Declaration. However, instead of an Exhibit 51, the Russell Declaration includes Exhibits 51a and 51b, and it includes no Exhibit 91.

The rest of Chanel's "limited internal records" fare no better. Invoices and packing lists are routine business records. Chanel's fear that someone might use information from those documents to Chanel's detriment does not justify their sealing where Chanel submitted them to influence the judicial determination of the merits of this case. And there is no justification for filing publicly available websites under seal.

Chanel also seeks leave to file under seal, in support of its motion for partial summary judgment, portions of and exhibits to the Declaration of Jennifer Bleys. The Bleys declaration was filed under seal on August 7, 2020 in connection with a discovery dispute, and there was not a judicial determination as to the validity of its sealing.

The information Chanel seeks to keep redacted in the Bleys declaration is about Chanel's quality control inspection and serial number and authenticity card assignment processes and databases. The exhibits are database charts of serial numbers Chanel alleges were never used in connection with items it authorized for sale. That information is material to the merits of Chanel's claims, and Chanel's asserted privacy interest does not overcome the public's right of access to judicial documents.

Chanel's request to seal the Bleys declaration and the "limited internal records" referred to in paragraph 6 of the Moffat Sealing Declaration is denied.

3

Chanel then seeks to redact the names and contact information of people who contacted Chanel's customer care center from those inquiries.[2] That information is not currently material to this case, unlike the substance of the emails, which Chanel filed without redaction. The names and contact information may remain redacted for the present without prejudice to their future unsealing.

Chanel then seeks leave to file under seal its policy regarding employee treatment and disposal of Chanel property, including visual merchandising props.[3] Chanel contends that "this information could be used by competitors and entities which may try to use this information to improperly obtain, steal or acquire CHANEL-branded Point-of Sale materials". But one of Chanel's categories of claims is that WGACA's sale of 779 point-of-sale items that Chanel asserts it never sold or authorized for sale infringed Chanel's trademark. Chanel's concerns about their need for keeping this policy private are overcome by the policy's materiality to Chanel's claims.

Chanel may not file its property disposal policy under seal.

---

[2] Exhibits B, C, and D to the Moffat Declaration in Support of Chanel's Motion for Partial Summary Judgment.

[3] Russell Decl. Ex. 47.

Chanel then seeks leave to file under seal documents WGACA has designated confidential. Chanel characterizes these documents as "consisting of information concerning the amount of Defendants' revenues".[4] Only two of those documents contain information about WGACA's revenue: a partially redacted spreadsheet of information about Chanel handbags sold by WGACA including images, serial numbers, costs, sale prices, and customers, among other information,[5] and Chanel's damages expert's supplemental report, including a chart containing WGACA's detailed financial information.[6] The other documents are internal WGACA emails about Chanel products and advertisements.[7]

The information in those documents does not present privacy concerns that overcome the strong presumption of public access. The documents may not be filed under seal.[8]

---

[4] See Moffat Sealing Decl. ¶ 9. Chanel also seeks to redact one reference to this material in its Rule 56.1 statement.

[5] Russell Decl. Ex. 1063.

[6] Id. Ex. X. In paragraph 63 of its Rule 56.1 statement Chanel cites this exhibit and states the amount of WGACA's revenue from second-hand Chanel branded items. Chanel redacts this amount from its publicly filed Rule 56.1 statement.

[7] All are exhibits to the Russell Declaration. Exhibit 117 is an email from WGACA's CEO to WGACA's Luxury Manager and an email chain between Chanel's counsel and WGACA's Luxury Manager about WGACA listing an incorrect serial number for a Chanel item and Chanel's counsel's concerns about that mistake. Exhibit 1056 is an email chain between WGACA staff about repairing a Chanel product. Exhibits 1128, 1130, 1131a-d, and 1132a and b are emails between WGACA staff with proposed marketing copy and images in advance of social media posts including Chanel products and combined (#WGACACHANEL or #CHANELWGACA) hashtags.

[8] Chanel similarly may not redact from paragraph 63 of its Rule 56.1 statement the amount of WGACA's revenues from selling second-hand Chanel-branded items.

Finally, Chanel filed the rest of the exhibits to the Russell declaration under seal without seeking leave to do so. These exhibits must be publicly filed.

### WGACA's Filings

WGACA seeks leave to file under seal portions of its memorandum in support of its motion for summary judgment, its Rule 56.1 statement, and Exhibits G and Q to the Kidde Declaration. All of the information WGACA seeks to redact from its memorandum and its Rule 56.1 statement is about Chanel's system for assigning serial numbers to its products and the timing of the assignment of specific serial numbers at issue in this case. That information is material to many of Chanel's infringement claims, and Chanel's asserted privacy interest does not overcome the presumption of public access. The images WGACA seeks to redact from Exhibit G are close ups of Chanel-branded bags, presumably at issue in this case, and there is no justification for filing these under seal. Exhibit Q is composed of many ORLI system screenshots, the details of which are at issue in this case and may not be filed under seal.

## Conclusion

Since the only portions of Exhibits B, C and D which have not already been publicly disclosed are the names and contact information of the customers, the unredacted versions (which contain that information) may - to continue its protection - remain under seal.

The Clerk is directed to unseal the Bleys Declaration (Dkt. 126) and all exhibits thereto, WGACA's Memorandum in Support of its Motion for Summary Judgment (Dkt. 225) and all exhibits thereto including WGACA's Rule 56.1 Statement, Chanel's Rule 56.1 Statement (Dkt. 235), and the Russell Declaration (Dkt. 239) and all exhibits thereto.

So Ordered.

Dated: New York, New York
August 11, 2021

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.