ORIGINAL

MEMO ENDORSED

# SheppardMullin

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/23

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

Theodore C. Max
212.653.8702 direct
tmax@sheppardmullin.com
File Number: 18WZ-264490

September 8, 2023

**BY ECF**

The Honorable Louis L. Stanton
United States District Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: **Chanel, Inc. v. WGACA, LLC, et al., 18-cv-02253 (LLS)**

Dear Judge Stanton:

> *Handwritten endorsement:* None of this information and none of the exhibits is to be submitted to this Court, in connection with Mr. Franklyn's testimony or otherwise. So it will have no relationship with judicial action, and may be sealed, in part or in toto.
> Louis L. Stanton
> 9/20/23

This law firm represents plaintiff Chanel, Inc. ("Chanel") in the above-referenced matter. Pursuant to Your Honor's Individual Practices in Civil Cases Rule 3.B, we write to respectfully request that Your Honor issue an order permitting Chanel to file under seal an exhibit in support of Chanel's Opposition to Defendants' Motion in Limine No. 3 and Daubert Motion to Exclude Chanel's Expert David Franklyn (the "Opposition"). Specifically, Chanel seeks leave to file Exhibit J to the supporting Omnibus Declaration of Dylan Price (Dkt. 341) under seal. Exhibit J is an expert report Mr. Franklyn authored on behalf of third-party Rockwell Automation, Inc. ("Rockwell") in *Rockwell Automation, Inc. v. Radwell International, Inc.*, No. 1:15-cv-05246-RBK-JS (D.N.J.). Rockwell designated Mr. Franklyn's report confidential pursuant to the protective order entered by the *Rockwell Automation* court and, jointly with defendant Radwell International, Inc., moved to file the report under seal, which motion the *Rockwell Automation* court granted. A copy of the *Rockwell Automation* court's order granting the motion to file under seal is annexed hereto as **Exhibit A**.

Under this Court's rules and the precedents of this Circuit, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-24 (2d Cir. 2006); *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654(RA)(HBP), 2015 WL 429857, at *4-6 (S.D.N.Y. July 15, 2015) (allowing documents containing confidential information regarding business relationship between defendant and a third-party who is not a party to the action be filed under seal); *Standard Inv. Chartered, Inc. v. Fin. Indus.*, 347 Fed. App'x. 615, 616-17 (2d Cir. 2009) ("interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access.").

Case 1:18-cv-02253-LLS   Document 363   Filed 09/20/23   Page 2 of 10

# SheppardMullin

The Honorable Louis L. Stanton
September 8, 2023
Page 2

    Here, the Court should grant the motion to seal because the confidential material at issue is that of a third-party, Rockwell, who has no involvement in the present case. Notably, the confidential specifics of Mr. Franklyn's survey in *Rockwell Automation* are not relevant to the Opposition. Instead, all that is relevant is the format of Mr. Franklyn's survey in *Rockwell Automation*. Furthermore, the *Rockwell Automation* court recognized Rockwell's confidentiality interest in Mr. Franklyn's report by granting Rockwell's joint motion to seal it in its entirety. *See, e.g., Doe v. Doe Agency*, 608 F. Supp. 2d 68, 71 (D.D.C. 2009) (denying request to review and overturn another federal court's order sealing documents; "As defendants argue, this Court may well lack jurisdiction to modify the orders of other federal courts, but even if it has such jurisdiction, the Court would, as a matter of comity, refuse to modify those orders. While Ms. Doe's case in the other jurisdiction has ended, the life of the sealing and protective orders of the courts in that jurisdiction was intended to extend past those courts' judgments.").

    Per this Court's Rules, Chanel will contemporaneously electronically file the proposed sealed documents and relate them to this motion.

    For the foregoing reasons, Chanel respectfully requests that the requested documents be permitted to be filed under seal. We thank Your Honor for your time and attention to this matter.

Respectfully submitted

/s/ *Theodore C. Max*
Theodore C. Max

SMRH:4884-6477-0174.1
TCM:mo
Enclosures
cc:    All Counsel of Record

# EXHIBIT A

[Doc. No. 742]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ROCKWELL AUTOMATION, INC.,

        Plaintiff,

  v.

RADWELL INTERNATIONAL, INC.,

        Defendant.

Civil No. 15-5246 (RBK/JS)

**O R D E R**

This matter is before the Court on the "Joint Superseding Motion to Seal" ("motion") [Doc. No. 742] filed by plaintiff Rockwell Automation, Inc. and defendant Radwell International, Inc. The parties move to seal certain portions of their briefs, exhibits, and other material associated with plaintiff's motion for summary judgment [Doc. Nos. 530-534, 588, 594, 596-615, and 642]. The motion is supported by the Declarations of Paul Tanck, Esq. [Doc. No. 742-1] and John Miller [Doc. No. 742-2]; the Affidavits of Daniel Love [Doc. No. 742-3] and Todd Seelman, Esq. [Doc. No. 742-4]; and an Index [Doc. No. 742-5]. The Court exercises its discretion to decide the motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, the motion is GRANTED.

This is the parties' second attempt to seal portions of the material associated with plaintiff's motion for summary judgment [Doc. Nos. 530-534, 588, 594, 596-615, and 642]. See Doc. No. 693. The parties' first motion was denied by the Court on July 23, 2020. See Order [Doc. No. 717]. In its July 23rd Order, the Court directed the parties to include an affidavit from their clients (i.e., a person with personal knowledge) with their motion to seal to provide a detailed explanation for why the requested information should be sealed. Id. at 4. The Order also required trial counsel to certify in an affidavit that they personally reviewed every request to seal made in the motion, including a personal review of every page/line the parties request to seal. Id. at 5. Counsel was ordered to certify that, in their best professional judgment, the requirements to seal set forth in Local Rule 5.3 and the relevant case law are met. Id. The reason the Court imposed these requirements was because the parties repeatedly burdened the Court with excessive and inappropriate requests to seal. The Court hoped that imposing appropriate burdens on the parties would cause them to seriously evaluate their requests to seal in view of the applicable authority and this Court's numerous rulings.

The parties' renewed request seeks to seal certain portions of Doc. Nos. 530, 531, 532, 533, 534, 588, 594, 596, 597, 598, 599, 600, 601, 602, 603, 604, 605, 606, 607, 608, 609, 610, 611, 612, 613, 614, 615, and 642 because they allegedly contain either

2

highly sensitive business information or highly sensitive financial information including, but not limited to, internal business operations and processes, company finances, product sourcing, or confidential third-party information, including customer information, pricing methods, and pricing and sales data. See Tanck Decl. ¶ 9. The parties believe they will be irreparably harmed if confidential information concerning commercially sensitive matters pertaining to their finances, pricing, business, third-party relations, or operations is disclosed to the public. See id. ¶ 10. Last, the parties believe no less restrictive alternative to sealing portions of the documents is available. See id. ¶ 11.

The parties included with their motion a declaration from trial counsel indicating they personally reviewed each request made by their clients and attesting that the parties motion complies with Local Rule 5.3 and relevant case law. See Tanck Decl. ¶ 12; see also Seelman Aff. ¶ 4. The parties also included an affidavit from Daniel Love, Senior Vice President of Business Development at Radwell, stating the information defendant seeks to seal "contains specific details pertaining to Radwell's sourcing partners, sourcing procedures, sales data, revenue data, product acquisition data, pricing procedures, customer identifiers, corporate finances, product acquisition strategies, and other proprietary information," including what defendant considers to be

3

trade secrets. See Love Aff. ¶ 4. Love further states defendant treats the information that it seeks to seal as confidential and refrains from disseminating it unless appropriate protections are in place. Id. ¶ 5. The parties also included a declaration from John Miller, Vice President and Chief Intellectual Property ("IP") Counsel for Rockwell. See Miller Decl. In his declaration, Miller states he reviewed all of plaintiff's requests to seal and finds the information is highly sensitive in nature, and that "disclosure of the material to the public would result in irreparable harm" by providing its competitors with an unfair competitive advantage. Id. ¶ 4. Miller further states that the information plaintiff seeks to seal contains detailed terms and conditions about plaintiff's proprietary agreements and policies governing its distribution system, detailed pricing and discount information, customer and purchasing source identity, and documents and data purchased from third parties. Id. ¶¶ 4-6.

It is well-established there is "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). When a party files a motion to seal, it must demonstrate that "good cause" exists for protection of the material at issue. Securimetrics, Inc. v. Iridian Techs., Inc., C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes "a particularized showing that disclosure will cause

4

a 'clearly defined and serious injury to the party seeking closure.'" Id. (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)).

In this District, motions to seal are governed by Local Civil Rule 5.3(c), which requires the moving party to describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. "Generally, a court will protect materials containing 'trade secret[s] or other confidential research, development, or commercial information' to prevent harm to a litigant's competitive standing in the marketplace." Faulman v. Security Mut. Fin. Life Ins. Co., C.A. No. 04-5083 (AET), 2006 WL 1541059, at *1 (D.N.J. June 2, 2006) (citation omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," however, cannot establish good cause. Pansy, 23 F.3d at 786 (citation omitted). Further, "it is well-settled that a party's classification of material as protected or confidential does not automatically satisfy the criteria for sealing pursuant to Local Civil Rule 5.3." In re: Benicar (Olmesarten) Prods. Liab. Litig., C.A. No. 15-2606 (RBK/JS), 2016 WL 266353, at *3 (D.N.J. Jan. 21, 2016).

5

The Court finds the parties have now met their burden under Local Civil Rule 5.3. Information related to confidential business strategies such as trade secrets, or other confidential research, development, or commercial information that if disclosed, would potentially compromise a party's ability to remain competitive in their industry is a legitimate privacy interest which warrants protection. See Zavala v. Wal-Mart Corp., C.A. No. 03-5309 (JAG), 2007 WL 2688934, at *7-8 (D.N.J. Sep. 12, 2007). The Court also finds the parties have complied with the Court's requirements as set forth in the July 23, 2020 Order. See Order [Doc. No. 717]. The parties have reduced the amount of information they seek to seal and limited their requests to information the Court considers genuinely confidential. In addition, the parties have provided the Court with affidavits from their clients with personal knowledge of the matter indicating why the requested information should be sealed. The parties also provided the Court with affidavits from trial counsel indicating that they personally reviewed each request to seal and certifying that the requirements set forth in Local Civil Rule 5.3 and relevant case law have been met. The Court has reviewed the portions of the documents the parties seek to seal and finds that the information should be sealed. The relevant portions of the documents contain information relating to each party's confidential business information, such as sales data, revenue data, internal strategies and research, and confidential

6

client information. The Court finds the parties may suffer serious injury if a competitor has access to the information the parties seek to seal. Last, the Court finds no less restrictive alternative to sealing the relevant portions of the documents exists.

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED this 6th day of November 2020, that the parties' "Joint Superseding Motion to Seal" [Doc. No. 742] is GRANTED; and it is further

ORDERED the Clerk of the Court is directed to maintain under seal Doc. Nos. 530, 531, 532, 533, 534, 588, 594, 596, 597, 598, 599, 600, 601, 602, 603, 604, 605, 606, 607, 608, 609, 610, 611, 612, 613, 614, 615, and 642; and it is further

ORDERED that to the extent not already done, the parties shall file a redacted copy of Doc. Nos. 530, 531, 532, 533, 534, 588, 594, 596, 597, 598, 599, 600, 601, 602, 603, 604, 605, 606, 607, 608, 609, 610, 611, 612, 613, 614, 615, and 642 in accordance with this Order by November 27, 2020.

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge