UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHANEL, INC.,<br><br>                Plaintiff,<br><br>- against -<br><br>WGACA, LLC, WHAT COMES AROUND GOES AROUND LLC d/b/a WHAT GOES AROUND COMES AROUND, MHW PROPERTIES, INC., WGACA WEB, LLC, PINES VINTAGE, INC., VINTAGE DESIGNS LTD., and WCAGA LA, LLC,<br><br>                Defendants. | Case No. 18-cv-2253-LLS<br><br>**DEFENDANTS' BENCH BRIEF REGARDING STANDARD FOR CALCULATING PROFITS**<br><br>DATE OF TRIAL: JULY 15, 2024 |

## DEFENDANTS' BENCH BRIEF ON STANDARD REGARDING CALCULATING PROFITS

Defendants WGACA, LLC, WHAT COMES AROUND GOES AROUND LLC, d/b/a WHAT GOES AROUND COMES AROUND, MHW PROPERTIES, INC., WGACA WEB, LLC, PINES VINTAGE, INC., VINTAGE DESIGNS LTD., and WGACA LA, LLC (collectively "WGACA") by their attorneys Lewis Brisbois Bisgaard & Smith LLP, hereby submit this bench brief regarding the standard for calculating profits. Questions regarding this standard arose on July 16, 2024 during the examination of Defendant's expert Henry Kahrs and specifically regarding his testimony regarding Exhibit 232 schedule 5 that Mr. Kahrs prepared and was describing during his testimony.

### A.    KAHRS' TESTIMONY AS TO ALLOCATION

Toward the latter part of trial on July 16, 2024, Mr. Kahrs was testifying as to the question of what portion of WGACA's overhead can be appropriately deducted in a net profit analysis.

During this testimony, questions arose regarding the appropriate standard to apply with regard to the proper means of analyzing overhead costs in a net profit analysis. The operative authority is *Hamil Am., Inc. v. GFI, Inc.*, 193 F. 3d 92 (2d Cir 1999) (a copy of which is attached as Exhibit A) and the Ninth Circuit's decision in *Frank Music Corp. v. Metro Goldwyn-Mayer, Inc.* 772 F. 2d 505 (9th Cir. 1985) (a copy of which is attached as Exhibit B). Both of these cases articulate the methodology that is to be undertaken to calculate and consider overhead costs in a profit analysis.

Chanel's counsel suggested that Mr. Kahrs was ignoring the Second Circuit's decision in *Hamil Am., Inc.*[1] Chanel's counsel is mistaken as Mr. Kahrs was not in any fashion misstating or misapplying the applicable standards.[2] The discussion arose as Mr. Kahrs was providing a methodology for the proportional deduction of overhead expenses. Both *Hamil* and *Frank Music* provide for the methodology that Mr. Kahrs was following.

The methodology set forth in both cases requires a court to undertake a two-step analysis. First, the infringer must demonstrate a "sufficient nexus" between (a) each category of expense sought to be included and (b) the sale of the infringing goods (*Hamil Am., Inc.* at 107). Per *Hamil*[3], a district court will review the categories of expenses claimed and give them extra scrutiny in cases of willful infringement. Second, once the required nexus is shown, the infringer must, as here, provide "a fair and acceptable formula for allocating a portion of overhead expenses to the infringing items." This is exactly what Mr. Kahrs was trying to explain. Far from

---

[1] Counsel's claim "I'm going to object right now. That is a total misstatement of the law. and its total misstatement of the Hamil case, which has a very distinct test in the Second Circuit, and its not this flat rate percentage that –Mr. Kahrs is just testifying as law. It doesn't say that at all". (See Trial Transcript, p. 265, ll. 13-18 attached as Exhibit C)

[2] Dr. Andrew Safir, on the other hand, did not adhere to the standards. For example, Dr. Safir testified he did not consider any overhead costs when calculating profits in years where WGACA's Chanel sales did not meet or exceed 25% of WGACA's overall sales. Dr. Safir admitted his 25% rule was "arbitrary". (See Trial Transcript July 15, 2024 p. 67-69 attached as Exhibit D). Dr. Safir could cite to no authority to support his "arbitrary" 25% rule.

[3] *Frank Music* did not suggest any higher scrutiny be applied in cases of willfulness.

disregarding the applicable case law (unlike Dr. Safir who did disregard the operative case law), Mr. Kahrs was seeking to advise the Court as to his method of allocation and why it complied with the requirements under *Hamil* and *Frank Music*.

### B. Ex 232 Schedule 5, Which Is Mr. Kahrs' Work Product And Analysis of Overhead, Should Be Admitted Into Evidence

During the testimony of Mr. Kahrs, WGACA requested that schedules 3 and 5 of Exhibit 232 be admitted. Counsel for Chanel agreed that **both** should be admitted. She stated specifically with regard to schedule 5, "So five by itself is fine." (Trial Transcript from July 16, 2024, p. 260, l. 12- attached here as Exhibit C). For reasons that are not clear to us, the Court excluded schedule 5 despite counsels' agreement that it should be admitted. As such, WGACA respectfully requests that the Court receive schedule 5 of Ex 232, which describes Mr. Kahrs' proportional deduction of overhead to arrive at net profits.

DATED: July 17, 2024                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: _____

Daniel C. DeCarlo, Esq.
Thomas S. Kiddé, Esq.
Sasha Shariati, Esq.
Peter T. Shapiro
77 Water Street, Suite 2100
New York, NY 10005
212-232-1300
Dan.Decarlo@lewisbrisbois.com

Yale Galanter
Galanter Law, P.A.

Lisa Blatt
Amy Mason Saharia
Williams & Connolly LLP
680 Maine Avenue SW,
Washington, DC 20024
(P) 202-434-5847
asaharia@wc.com

*ATTORNEYS FOR DEFENDANTS*