```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/26/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
CHANEL, INC.,

           Plaintiff,

    - against -

                              18 Civ. 2253 (LLS)

                              FINAL JUDGMENT

WGACA, LLC; WHAT COMES AROUND GOES
AROUND LLC d/b/a WHAT GOES AROUND
COMES AROUND; MHW PROPERTIES, INC.;
WGACA WEB, LLC; PINES VINTAGE,
INC.; VINTAGE DESIGNS LTD.; and
WCAGA LA, LLC,

           Defendants.
- - - - - - - - - - - - - - - - - - -X

    On February 6, 2024, a jury found Defendants WGACA, LLC; WHAT COMES AROUND GOES AROUND LLC d/b/a WHAT GOES AROUND COMES AROUND; WGACA WEB, LLC; and WCAGA LA, LLC (collectively, "WGACA") liable to Plaintiff Chanel, Inc., for various claims of trademark infringement, false association, unfair competition, and false advertising under the Lanham Act and awarded statutory damages (Dkt. No. 407). The Court held a bench trial on equitable remedies in July 2024, after which Chanel moved for entry of an injunction against WGACA and disgorgement of WGACA's profits.

                              I.

    Having considered the parties' respective submissions, and in view of the comprehensive jury verdict finding WGACA liable on all counts, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1

1) This injunction applies to Defendants WGACA, LLC; WHAT COMES AROUND GOES AROUND LLC d/b/a WHAT GOES AROUND COMES AROUND; WGACA WEB, LLC; WCAGA LA, LLC; and any entity affiliated with, or owned and/or controlled, in whole or in part, by any of the foregoing entities, as well as the partners, officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors, and assigns of the foregoing and all others in active concert or participation with any of them (collectively, the "Enjoined Parties").

2) For purposes of this injunction:

   a) The term "Chanel" means and refers to Plaintiff Chanel, Inc., and any entity affiliated with, or owned and/or controlled, in whole or in part, by Plaintiff Chanel, Inc., and the partners, officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors, and assigns of the foregoing;

   b) The term "CHANEL Marks" means and refers to the CHANEL word mark and the CC monogram mark, i.e., ⓒⒸ;

2

c) The term "Chanel Stylized Font" means and refers to the following capital letter, sans serif font and stylization: **CHANEL**

3) As soon as possible, and no later than ninety (90) days from the issuance of this injunction, the Enjoined Parties are enjoined, and shall refrain, from:

   a) Taking any action or course of conduct that is likely to cause confusion, or to cause mistake, or to deceive as to any affiliation, connection, or association of WGACA with Chanel, or as to the origin, sponsorship, or approval of WGACA's goods, services, or commercial activities by Chanel, including, but not limited to, taking the following actions in connection with WGACA's advertisement, promotion, distribution, or sale of goods:

      i. Using any of the CHANEL Marks or any marks confusingly similar thereto to advertise or promote WGACA's products or business in a manner that is not nominative fair use and is likely to cause confusion as to any affiliation or sponsorship between Chanel and WGACA;

3

    ii.    Using the CHANEL word mark or any marks confusingly similar thereto in the Chanel Stylized Font;

   iii.    Using photographs or copies of Chanel runway and marketing campaigns and/or Chanel print advertisements bearing the CHANEL Marks or any marks confusingly similar thereto;

    iv.    Using any hashtags consisting of or including the word "Chanel," including, but not limited to, #chanel, #wgacachanel, #chanelgiveaway, and #giveawayfromchanel;

    v.    Using or displaying displays or props (e.g., large perfume bottles) in stores or at in-person or online events that bear any of the CHANEL Marks, any marks confusingly similar thereto, or other intellectual property owned by Chanel in any manner that conveys the impression that WGACA is related to Chanel;

    vi.    Using the word "Chanel" in discount codes;

   vii.    Using the name, image, likeness, or quotations of Gabrielle Bonheur "Coco" Chanel in a manner that is likely to cause confusion as to any affiliation or sponsorship between Chanel and WGACA;

4

b) Using any of the CHANEL Marks or any marks confusingly similar thereto in connection with WGACA's advertisement, promotion, distribution, or sale of CHANEL-branded items, other than to identify a particular item currently or previously offered for sale as made and sold by Chanel, or to the extent the specific item currently or previously offered for sale itself bears CHANEL Marks. In any such circumstance, the Enjoined Parties must ensure that no more of any of the CHANEL Marks is used than is necessary to identify the particular item being offered for sale. The Enjoined Parties must also prominently display, clearly and conspicuously, the following disclaimer on any webpage advertising or selling a CHANEL-branded item, or on physical tags where products are sold in person: "WHAT GOES AROUND COMES AROUND IS NOT AFFILIATED WITH CHANEL AND HAS NOT BEEN AUTHORIZED BY CHANEL TO SELL THIS ITEM." For any CHANEL-branded item being advertised and/or offered for sale online, the Enjoined Parties must post this disclaimer clearly and conspicuously on the individual product page, not merely at the bottom of the webpage, and that page must also list the CHANEL-branded item's Chanel Serial Number as it appears on the accompanying Authenticity

Card, Authenticity Plate, or label affixed to the actual CHANEL-branded item, provided that such product has or originally had a Chanel Serial Number;

c) Advertising, offering for sale, or selling any CHANEL-branded items that have not been authorized for sale by Chanel, including, but not limited to, point-of-sale items and retail props;

d) Advertising, offering for sale, or selling any CHANEL-branded items that have been materially altered or changed, including, without limitation, items that combine original and non-original Chanel parts. Re-dyeing a Chanel item the same color as the original shall not be deemed a material alteration;

e) Advertising, offering for sale, or selling genuine CHANEL-branded items that have been repaired, restored, or refurbished without fully disclosing on any webpage selling a CHANEL-branded item, or on physical tags where products are sold in person, the nature of the repair, restoration, or refurbishment. Minor changes in the form of polishing, cleaning, and other small preparations for sale shall not be considered repaired, restored, or refurbished;

f) Advertising, offering for sale, or selling any infringing items using or bearing CHANEL Marks,

6

including, without limitation, counterfeit CHANEL-branded handbags bearing Chanel Serial Number 10218184 and Chanel Serial Numbers falling within the range of the Chanel Authenticity Cards and labels that were voided after being stolen from the Renato Corti factory on November 29, 2012, i.e., Chanel Serial Numbers 17686401-17716400, and infringing CHANEL-branded handbags bearing Chanel Serial Numbers that were voided and listed on Trial Exhibit 1010, Subpart 3 (Chanel Serial Nos. 12082030, 13915669, 2280629, 2281657, 2387238, 2404646, 2417513, 2417568, 2417901, 2418017, 2418172, 2418439, 2418652, 2418831, 2584203, 2584648, 2632137, 2689201, 2689211, 2689264, 2740036, 2740046, 2763599, 2763906, 2766848, 2983538, 3045639, 3045652, 3045696, 3045896, 3046529, 3046829, 3046855, 3046855, 3046990, 3047180, 3047328, 3069972, 3188865, 3310094, 3498212, 3809450, 3810831, 3974501, 3983764, 4200378, 4927602, 5224946, 6953459, 7169916, 7384182l and 7384618);

g) Certifying, guaranteeing, or otherwise making any advertising claims, representations, or statements asserting the genuineness of any CHANEL-branded items advertised or sold by WGACA for which WGACA has no

7

records of its own authentication to support its authentication claims; and

h) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

II.

It is further ORDERED, ADJUDGED, AND DECREED that the Defendants shall pay $4,000,000 in statutory damages pursuant to 15 U.S.C. § 1117(c)(2) for the sale or offering for sale of CHANEL-branded handbags bearing counterfeit trademarks, as determined by the jury at trial. The Defendants shall also disgorge $12,739 in net profits from the sale of 51 CHANEL-branded handbags bearing voided Chanel Serial Numbers and 779 CHANEL-branded counter-support items, which the jury found were not authorized for sale by Chanel.

The Clerk is directed to enter judgment accordingly.

So ordered.

Dated:   New York, New York
         February 26, 2025

                                    _____
                                    LOUIS L. STANTON
                                    U.S.D.J.